UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER TALLO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4618** |
| **STATE FARM INSURANCE CO.** | **SECTION "L" (5)** |

## ORDER & DEFAULT JUDGMENT

Before the Court is Plaintiff Jennifer Tallo ("Tallo") who seeks an Entry of Default Judgment against Defendant State Farm Insurance Company ("State Farm"). Plaintiff has two properties that were damaged during Hurricane Ida and she filed suit against her insurer for failure to tender sufficient funds pursuant to the policies covering these properties. However, State Farm never responded in this suit despite being served on the Louisiana Secretary of State, its agent for service of process.[1]

This case arises from damage to Tallo's properties caused by Hurricane Ida. R. Doc. 1 at 2. At the time, Tallo's two properties were covered by two separate policies, each issued by State Farm. *Id.* Tallo sued State Farm after State Farm did not allegedly tender sufficient insurance funds after the storm event. *Id.* at 2-3. Tallo is domiciled in Louisiana. State Farm is alleged to be a citizen of Illinois and the Secretary of State is designated as its agent for service of process. Tallo contends that the amount in controversy exceeds $75,000. *Id.* at 1-2.

---

[1] Louisiana Secretary of State, Filing of Locating an Agent for Service, https://www.sos.la.gov/BusinessServices/ServiceOfProcess/FilingOrLocatingAnAgentForService/Pages/default.aspx (last visited April 10, 2024) ("The Secretary of State is designated as the agent for service of process on some foreign corporations, *all foreign insurance companies* and for out of state motorists involved in suits resulting from automobile accidents on Louisiana highways.") (emphasis added).

1

On August 29, 2021, Hurricane Ida struck landfall in Louisiana, causing severe damage to two properties owned by Tallo, one in Thibodeaux and one in Ponchatoula. *Id.* at 2. Tallo alleges that she reported the damages sustained by the properties to State Farm who then sent an adjuster to investigate the damages. *Id.* at 3. However, Tallo alleges that State Farm under-valued and thus underpaid the damages and informed her it would not be tendering further funds. *Id.* Tallo contends that State Farm's actions violate Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and La. R.S. 22:1973. *Id.* at 3-4. La. R.S. § 22:1892 gives insurers thirty days to make a written settlement offer after satisfactory proof of loss, while La. R.S. § 22:1973 requires insurers to tender insurance proceeds within sixty days of proof of loss. *Id.* at 4-5.

The record reflects that Tallo's attorney mailed the summons to State Farm's designated agent for service of process, the Louisiana Secretary of State, via certified mail and that it was received by the Louisiana Secretary of State on October 27, 2023, as indicated by the certified mail receipt in the record. R. Doc. 9. This receipt is stamped as received by LeKiesha Henry. *Id.* Accordingly, the docket reflects that State Farm was given through November 17, 2023 to file a responsive pleading. *See id.* These materials are included within Exhibit B to this Order for reference.

As of February 2023, State Farm had not responded, not enrolled counsel, and had not engaged in any way in this litigation. Accordingly, Tallo filed a motion seeking the entry of default judgment. R. Doc. 11. In this motion, Tallo seeks a total of $4,532,663.70, which includes approximately $1,016,943 in damages related to the properties, $331,671 in damages for arbitrary and capricious denial of claims, $1,990,031 in damages for bad faith penalties, and $1,194,018 in attorneys' fees pursuant to a contingency fee arrangement with counsel. Tallo Affidavit, R. Doc. 11-4. Tallo attached the summons returned executed materials as exhibits to this motion, which

2

include a letter from the Louisiana Secretary of State to State Farm Insurance Company dated November 15, 2023 which purports to provide State Farm with the citation and materials, as well as a stamped copy of the summons, stating "SERVED ON R. KYLE ARDOIN NOV 14 2023." R. Doc. 11-3 at 1-2. It may be relevant that the header of the letter, while addressed to "State Farm Insurance Company," contains no address for State Farm. *Id.* Whether service was effected on October 27, 2023 upon certified receipt by its agent, the Secretary of State, or on November 15, 2023 upon the mailing of the letter to State Farm, State Farm has had months to file responsive pleadings and has not done so.

    The Court held a telephone status conference in this matter on March 8, 2024 to confirm that service was done properly. The Court, having reviewed this documentation, was satisfied that service was in fact proper and thus the Court entered a preliminary default against State Farm. R. Doc. 15. In doing so, the Court also attempted to ensure that State Farm would be notified of and served with this preliminary judgment, which contained the date and time of a future hearing on the matter. To that end, the Court ordered the Clerk to send a copy of this judgment to State Farm Insurance Company, c/o its agent for service of process Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809. It may be relevant that plaintiffs in other matters in this District have successfully served State Farm Insurance Company at this same address. *See, e.g.*, Summons Returned Executed, The Seafood Pot, Inc. v. State Farm Insurance Company, No. 2:23-cv-04116, (E.D. La. Sept. 19, 2023), ECF No. 9; Summons Issued, Lottinger v. State Farm Insurance Company, No. 2:23-cv-04933, (E.D. La. Oct. 27, 2023), ECF No. 8; Answer, Lottinger v. State Farm Insurance Company, No. 2:23-cv-09433, (E.D. La. Jan. 8, 2024), ECF No. 10.

    On March 11, 2024, the Clerk of Court received mail from the Louisiana Secretary of State, which states that the Louisiana Secretary of State is "unable to take any further action in this case

until you [the Court] provide this office, in writing, with the domicile address." Then, on March 14, 2024, the Secretary of State sent another similar letter, which was uploaded into the docket in this matter on March 26, 2024. R. Doc. 17. The Secretary of State has continued to send similar notices to this Court. The Court attaches these letters as Exhibit A to this Order for reference. The Louisiana Secretary of State is the designated agent for service of process for "all foreign insurance companies," and therefore the Louisiana Secretary of State is responsible for knowing and/or obtaining the domicile address for State Farm.

The Court held the hearing as scheduled, on March 27, 2024, where Tallo put forth evidence as to the sums at issue as well as service of process. State Farm did not participate. At the hearing, Tallo took the stand and testified as to the damages to her property, her insurance policies, and the saga she has experienced in the years following Hurricane Ida attempting to work with various State Farm adjusters, inspectors, and representatives.

Following the hearing, the Court ordered Tallo to file into the record full and complete copies of her policies that were in effect at the time of Hurricane Ida, as the evidence offered at the hearing consisted of screenshots and excerpts. R. Doc. 20. The Court also instructed her at the hearing to file any evidence as to the names or identities of these various State Farm representatives. In response, Tallo filed an affidavit containing the names of all State Farm contacts she worked with. R. Doc. 16. She also filed an affidavit explaining that her physical copies of her policies were destroyed during the Hurricane and that diligent attempts for over a year to obtain these policies from State Farm have yielded no results. R. Doc. 21. Further, she explains that she has been locked out of her State Farm online portal by State Farm and that State Farm now refuses to respond to her in any way about her claims. *Id.*

The Court is satisfied that service was proper, as Plaintiff served the Louisiana Secretary of State (R. Doc. 9), has a confirmation that it was received by them (*id.*), has a confirmation that they mailed the materials to State Farm Insurance Company (R. Doc. 11-3 and Exhibit 1 from Evidentiary Hearing, R. Doc. 19), and nevertheless State Farm has not responded. These materials are attached as Exhibit B to this Order for reference.

The Court, however, given the incomplete evidentiary record as to the amount of the damages and attorney's fees sought, finds it necessary to bifurcate the questions of liability and damages. Accordingly, for the foregoing reasons;

IT IS ORDERED that entry of default judgment against State Farm Insurance Company be ENTERED on the issue of liability;

IT IS FURTHER ORDERED that the question of the amount of damages be BIFURCATED given the need for further evidentiary development on the sums sought and to which Tallo is entitled.

New Orleans, Louisiana, this 10th day of April, 2024.

_____
United States District Judge

cc: State Farm Insurance Company
c/o Louisiana Secretary of State[2]
8585 Archives Avenue
Baton Rouge, LA 70809

---

[2] Per its own website, the Louisiana Secretary of State is the designated agent for service of process on *all* foreign insurance companies. *See* Footnote 1.